**PRICE, Plaintiff-Appellee, v GILLIAM, Defendant-Appellant.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1168.   Decided March 13, 1947.

A. J. Worsham, Columbus, and W. M. Howard, Youngstown, for plaintiff-appellee.

H. I. Gardner, Warren, for defendant-appellant.

### OPINION

By PHILLIPS, J.

Plaintiff, Edward P. Price, the son of William A. Gilliam, deceased, was was reared by and assumed the name of his maternal grandparent, commenced an action in the court of common pleas contesting decedent's purported last will and testament admitted to probate in the Probate Court of Trumbull County, Ohio.

A jury to which the case was submitted in the court of common pleas on the sole question, "Is the signature of William A. Gilliam affixed to the will of September 13, 1945, his own genuine authentic signature?", returned a verdict in

favor of plaintiff-contestant and the trial judge subsequently duly entered judgment thereon.

Defendant Clasy Gilliam appealed to this court from the judgment of the court of common pleas on questions of law.

Plaintiff's motion to dismiss the appeal of defendant Clasy Gilliam for failure of her counsel to file briefs in this court in accordance with the provisions of Rule 7 thereof was dismissed from the bench for the reason that plaintiff was not prejudiced thereby, and the appeal was continued for hearing and subsequently heard on its merits.

In her assignments of error filed in this court defendant Clasy Gilliam claims that plaintiff's counsel was guilty of misconduct in his argument to the jury which prevented her from having a fair and impartial trial, which claims we can not and do not pass upon because there is no report of any part of the argument of plaintiff's counsel in the bill of exceptions submitted to us for review; that there are other errors manifest from the face of the record; and finally that "the verdict is not sustained by sufficient evidence and is contrary to law".

Upon trial in the court of common pleas decedent's claimed last will and testament and the record of its probation in the probate court were admitted in evidence and defendant rested.

Plaintiff's six paper writings containing the admitted (by oral argument of counsel before this court) authentic signatures of decedent made at various times during his life, and testimony in support of their authenticity, and two exhibits of the handwriting and signature of defendant-appellant Clasy Gilliam, one of which contains her signature and the name of decedent written by her in open court, were offered and admitted in evidence.

A handwriting expert, who compared the signature on decedent's alleged last will and testament with decedent's admittedly authentic signatures appearing on some of plaintiff's exhibits, and defendant Clasy Gilliam's admitted authentic signature found on some of those exhibits and on her answer filed in the court of common pleas in this case, testified that in his opinion "the hand that wrote the signatures on the claimed genuine signatures didn't write the signature to the will"; that the hand that wrote the signature on decedent's claimed will was the same hand that wrote decedent's name in open court; that "the signature to the disputed document is a much better signature than any signature to the admitted handwriting"; and that "the signature to the will was not a guided hand signature".

Defendant's counsel, who offered himself on rebuttal as a witness to the signature appearing on decedent's purported last will and testament, testified that he suggested to decedent that he "could help him" sign his name to that instrument, and that he "took the pen on the top side and directed his hand"; that he "was helping him and he was helping to write himself"; and admitted by brief filed in this court that probably the "guiding hand was the attorney's"; that the other witness to such alleged will who testified she saw decedent sign the will in the presence of defendant's counsel and herself, and who signed the will herself in the presence of counsel for decedent, and whose testimony corroborated that of decedent's counsel "was present" and he "was present, we both saw him sign the will".

The testimony of defendant-appellant Clasy Gilliam, decedent's alleged widow, who lived with him eighteen years as his wife before he married her approximately a month before his death, and who was unable to appear in person before the Probate Court to obtain a license to marry her, corroborated that of defendant's counsel and the other claimed witness to the will.

There is testimony in the record submitted to us that decedent was in failing health for about three years prior to his death, and much testimony concerning his marriage to and separation from his first wife and marriage to defendant Clasy Gilliam without divorce from the former, and concerning his early and later life which is not necessary to state herein in order to understand the sole question presented in this case.

Without further word or reference to the testimony or evidence, but as the result of a careful reading of the rather voluminous bill of exceptions submitted to us for review Judges Carter and Nichols are of opinion that the verdict of the jury and judgment entered thereon are against the manifest weight of the evidence.

Judges Nichols and Phillips find that the judgment should be reversed on the ground that the charge of the trial judge is misleading for the reason that no claim was made that decedent's signature on his alleged last will and testament was "his own genuine authentic signature". The sole claim was that decedent's signature was made at a time when his hand was guided and he was physically unable to write his name unassisted.

The judgment of the court of common pleas is reversed.

CARTER, PJ, NICHOLS, J, concur in judgment.